Appellant, Phillip Allison, brings this appeal from an April 6, 1998 judgment entry of the Lucas County Court of Common Pleas in which the court accepted a jury verdict finding appellant guilty of robbery, a violation of R.C. 2911.02(A)(2), and sentenced him to a prison term of five years. Appellant has presented one assignment of error for consideration, that reads:
 "DEFENDANT-APPELLANT'S SENTENCE IS NOT SUPPORTED BY THE RECORD."
The record shows that appellant was identified by three employees of a Meier store in Toledo, Ohio as the individual who shoplifted several packages of men's underwear on February 17, 1998 from the store where they worked. One employee testified she saw appellant conceal several packs of men's underwear inside of his coat.
She followed him after he zipped his coat shut and walked to the front of the store. She called for back-up and two other employees arrived at the front of the store. After appellant walked past all the cash registers and toward the exit doors, the first employee to see him identified herself as store security and asked appellant to stop. He cursed at her and refused to stop.
As he kept walking toward the doors, all three employees tried to restrain him. A scuffle ensued, and appellant threw two punches, hitting an employee in the chest, and bending back the thumb of the same employee. Appellant managed to get through the doors, where he fell to the ground and into a trash can. He got up, ran to a car and got into the back seat. The driver of the car drove away.
The employees got the license plate number of the car and called the police. They also found one package of men's underwear on the ground near the trash can where appellant fell.
A short time later, the police stopped the car with the reported license plate number. Appellant was a passenger in the car. No packs of men's underwear were found in the car.
Two of the Meier employees were taken to the stopped car by the police. One positively identified appellant as the man who had just robbed the store. The other employee said his clothing was the same as the person who had just robbed the store.
The third employee later identified the driver of the car. He was not taken to the stopped car because he was at the hospital seeking treatment for his thumb which was bent back by a punch thrown by appellant. He testified that his thumb was injured and that he is still in daily therapy for the injury.
Appellant waived his Miranda rights and answered questions asked by a police detective. Appellant told the detective he was at Meier's and he did go there to steal. He said he stole one pair of underwear. He denied hitting anyone.
Appellant argues in support of his sole assignment of error that the trial court did not follow all of the required guidelines for sentencing. Specifically, appellant first argues that the trial court did not follow the guidelines found in R.C. 2929.14 that it: (1) impose the shortest possible prison term; or (2) state on the record that a longer term was warranted because the shortest term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime committed by the offender or others. Appellant is also implying that the trial court did not consider the factors found in R.C. 2929.12 that must be balanced by a court when it applies its "discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A).
Appellant was found guilty of robbery, a second degree felony. The legislature of Ohio has indicated that the public policy reasons for felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In addition, the sentence imposed must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
Pursuant to R.C. 2929.14(A)(2) the basic prison term for a second degree felony is "two, three, four, five, six, seven, or eight years." Also, R.C. 2929.14(B) states:
 "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
R.C. 2929.12 lists the factors to be weighed by the trial court in reaching the determination regarding the length of a felony sentence. R.C. 2929.12 provides, in pertinent part:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
"* * *
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
"* * *
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit, future crimes:
"* * *
 "(2) * * * the offender has a history of criminal convictions.
 "(3) * * * the offender has not responded favorably to sanctions previously imposed for criminal convictions."
In this case, the trial court did not impose the shortest possible term, two years. Instead, the trial court ordered appellant to serve a five year prison term. However, the record shows that appellant is not correct when he asserts that the trial court did not comply with the requirements of R.C.2929.14(B).
The judgment entry filed by the court in which it sentenced appellant for his crime reads in pertinent part as follows:
 On April 2, 1998 defendant's sentencing hearing was held pursuant to R.C. 2929.19. Court reporter * * *, defense attorney * * * and the State's attorney * * * were present as was defendant who was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.
 "The Court finds that defendant has been convicted of Robbery, a violation of R.C. 2911.02(A)(2), a felony of the 2nd degree.
 "The Court finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term.
 "It is hereby ORDERED that defendant serve a term of 5 years in prison."
The judgment entry clearly shows that the trial court did consider the governing statutory factors and did make the finding that the shortest possible sentence would demean the seriousness of the crime or would not adequately protect the public from future crime by appellant or others.
To the extent that appellant is attempting to argue that the trial court's statements in the judgment entry were mere recitation, and that the record does not show that the trial court had any basis for its statements, we note the following. The trial court was vested with discretion to impose a sentence above the minimum once it determined that the factors in R.C.2929.14(B) and R.C. 2929.12 existed in this case. This court will only reverse the trial court's conclusion if the trial court abused its discretion. See State v. Cooks (Dec. 31, 1997), Sandusky App. No. S-97-026, unreported. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157.
In this case, the record supports the trial court's finding that the shortest prison term possible would demean the seriousness of the offense and would not adequately protect the public. As the trial court noted at the sentencing hearing, appellant had previously been a thief, and with this crime had progressed to being a robber. The court said:
 "Mr. Allison, you know what your record looks like, and as you said, you are a thief. You weren't a robber. You are now a robber at this point because you chose to — you know what the routine was when you're caught, you go back to the office, you wait for the cops to come and you're charged with petty theft. You've been charged, charged, charged, charged and charged over and over again. You didn't have to turn this particular situation — this wasn't a lot of property. It was some underwear. You didn't have to turn that situation into a robbery. It would have been a petty theft. You would have been in Municipal Court, and it would not have been a real significant sentence, but you chose to struggle with these people.
 "One of the reasons the Legislature made this particular offense into robbery was for the protection of store security people just like we had at the Meier's Store in your particular case. I'm sure that the Meier's Store doesn't compensate these people for the type of work that they do in subjecting themselves to be assaulted by individuals that are shoplifiting [sic] inside the store. But the Legislature saw fit to make it a robbery to protect people while a theft is being committed, to protect people from getting assaulted as occurred in this particular situation.
 "I also have, obviously, taken into account your prior record. The prior contacts you've had with the Court apparently has not deterred you from continuing to commit crimes into the future as it relates to this particular offense."
The trial court's remarks show that the trial court was considering appellant's prior criminal convictions (R.C.2929.12(D) (2); appellant's failure to favorably respond to sanctions previously imposed upon him for criminal convictions as evidenced by the escalation in the seriousness of his offense (R.C. 2929.12(D)3); and, the serious physical injury suffered by a victim of the crime (R.C. 2929.12(B) (2)).
Appellant next argues that the trial court did not order a presentence report. He says that without the presentence report the trial court had very little information about him it could consider before it imposed a sentence.
A review of the applicable statutory provisions and criminal rule shows that in this case, the trial court had no obligation to order a presentence investigation report. R.C. 2929.19(B)(1) provides:
 "At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051
[2947.05.1] of the Revised Code." (Emphasis added).
A look at R.C. 2951.03 shows that its provisions did not impose an obligation on the trial court to order a presentence investigation report. R.C. 2951.03 provides, in pertinent part:
 "(A)(1) No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court. * * *
 "(2) If a defendant is committed to any institution, the presentence investigation report shall be sent to the institution with the entry of commitment. If a defendant is committed to any institution and a presentence investigation report is not prepared regarding that defendant pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the director of the department of rehabilitation and correction or the director's designee may order that an offender background investigation and report be conducted and prepared regarding the defendant pursuant to section 5120.16 of the Revised Code."
These provisions clearly show that a presentence investigation report is only mandatory if the court sentences the offender to community control, and that the legislature contemplates that some defendants will be sentenced to prison without any presentence investigation.
Crim.R. 32.2 further supports the finding that a presentence investigation is not always necessary. It reads:
 "In felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation."
Since appellant was not sentenced to community control sanctions or to probation, no presentence report was required in this case.
Furthermore, the record shows that the trial court did have information about appellant available to it. The prosecutor told the court at the sentencing hearing:
 "This defendant has quite a history, five prior felony theft offenses, at least nine petty theft, probably three unauthorized use of property. He has a high rate of recidivism. While there was no weapon involved here and perhaps no intent to injure anyone, his pattern of conduct has continued, and in this incident someone was injured, whether he intended it or not, and the State would ask for a sentence that reflects this individual's continuing record of theft offenses. Thank you."
The trial court later referred to appellant's extensive record as we have already shown in a prior quote from the sentencing hearing.
Accordingly, appellant's sole assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE
George M. Glasser, J. ---------------------------- JUDGE
James R. Sherck, J. CONCUR. ---------------------------- JUDGE